DOWNEY BRAND LLP
ANTHONY L. VIGNOLO (Bar No. 203933)
MATTHEW J. WEBER (Bar No. 227314)
AVALON J. FITZGERALD (Bar No. 288167)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4731
Telephone:	916.444.1000
Facsimile:	916.444.2100
avignolo@downeybrand.com
mweber@downeybrand.com
afitzgerald@downeybrand.com

Attorneys for Defendant
WILLIS OF TEXAS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHA DYNO NOBEL, a California corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>WILLIS OF TEXAS, INC., a Texas corporation,<br><br>                    Defendant. | Case No.  2:15-cv-01745-WBS-CKD<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY FURTHER PROCEEDINGS** |

1423589.1

STIPULATION AND [PROPOSED] ORDER TO STAY FURTHER PROCEEDINGS

1    WHEREAS, this action involves a single claim by Plaintiff Alpha Dyno Nobel ("Alpha")
2    against Willis of Texas, Inc. ("Willis") for failure to procure adequate insurance coverage;

3    WHEREAS, Alpha is the insured under a commercial general liability insurance policy
4    and a commercial excess insurance policy, both issued by Lancer Insurance Company ("Lancer")
5    for the policy period July 1, 2013 to July 1, 2014 (the "Policies");

6    WHEREAS, on December 18, 2015, Lancer filed an action against Alpha , and others, in
7    the Eastern District of California to reform the Policies to add certain exclusions from coverage
8    that occur in Alpha's day-to-day operations ("Lancer Action");

9    WHEREAS, on January 16, 2015, a complaint was filed against Alpha in a state court
10   proceeding pending in Kern County Superior Court in connection with certain claims arising out
11   of injuries and/or damages alleged to have occurred during the scheduled demolition of boiler
12   structures on or about August 3, 2013 ("State Court Action");

13   WHEREAS, in or around August 2013, Alpha submitted to Lancer a tender of defense
14   and coverage in connection with the claims asserted in the State Court Action;

15   WHEREAS, Lancer initially refused to tender a defense to Alpha for the State Court
16   Action;

17   WHEREAS, as a result of, *inter alia*, the Lancer Action and Lancer's refusal to provide a
18   defense in the State Court Action, on August 18, 2015, Alpha initiated the instant lawsuit against
19   Willis, claiming that Willis failed to obtain adequate insurance coverage on Alpha's behalf (the
20   "Lawsuit");

21   WHEREAS, Alpha determined that it was necessary to file the Lawsuit on August 18,
22   2015, in light of certain potential statute of limitations deadlines;

23   WHEREAS, approximately thirty-five days after the Lawsuit was filed, on September 22,
24   2015, Lancer informed Alpha by letter that it had re-evaluated its position and would agree, under
25   a reservation of rights, to defend Alpha in connection with the claims asserted in the State Court
26   Action;

27   WHEREAS, Lancer's intervening decision on September 22, 2015 to provide a defense to
28   Alpha in the State Court Action meaningfully impacts the claim asserted in this Lawsuit;

DOWNEY BRAND LLP

1  WHEREAS, the potential outcomes of both the State Court Action and the Lancer Action
2  will meaningfully impact the claim asserted in this Lawsuit;

3  WHEREAS, the Parties believe that, in light of the recent development, it is in the interest
4  of judicial economy and fundamental fairness to stay all further proceedings in this Lawsuit
5  pending the outcome of the State Court Action and the Lancer Action;

6  NOW, THEREFORE, the Parties hereby stipulate to the following, subject to the approval
7  of the Court:

8  1.  This action will be stayed in all respects until thirty (30) days after the occurrence
9      of any of the following:
10     a.  entry of final judgment in the State Court Action or the Lancer Action;
11     b.  resolution of the State Court Action or Lancer Action by any means
12         resulting in a dismissal in whole or in part of the action; or
13     c.  withdrawal of coverage of Alpha in the State Court Action.
14 2.  Upon expiration of the Stay, the Parties shall promptly meet and confer and submit
15     a status report to the Court regarding further proceedings in this action.
16 3.  The Parties agree that the Stay shall not impact such rights and defenses, including
17     any procedural or substantive claims or defenses, as either party may have in this
18     action as of the time of the Parties' entry into this stipulation.
19 4.  The Scheduling Conference set for December 7, 2015 is vacated.

22 SO STIPULATED.

DOWNEY BRAND LLP

DATED:  October 15, 2015     DOWNEY BRAND LLP

By: */s/ Avalon J. Fitzgerald*
AVALON J. FITZGERALD
Attorney for Defendant
WILLIS OF TEXAS, INC.

DATED:  October 15, 2015     ARONOWITZ SKIDMORE LYON, APLC

By: /s/ *Kathleen C. Lyon*
KATHLEEN C. LYON
Attorney for Plaintiff
ALPHA DYNO NOBEL

**IT IS SO ORDERED.**

Dated:  October 16, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

1423589.1

3